UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM STOCKWELL, | ) | Case No. 1:19CV1881 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| v. | ) | MAG. JUDGE DAVID A. RUIZ |
| | ) | |
| HOME DEPOT, USA, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | REPORT AND RECOMMENDATION |

Currently before the court is plaintiff's motion for default judgment against defendant Home Depot USA. (R. 13.) The motion should be denied as premature, because Stockwell has not applied for an entry of default with the Clerk of Court. *See, e.g., Rumburg v. Sec'y of the Army*, No. 11-1667, 2012 WL 7761566, at *2 (6th Cir. July 9, 2012).

An entry of default and a default judgment are distinct events that require separate treatment. *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.,* 340 F.3d 345, 353 (6th Cir. 2003); *United States v. Real Property & All Furnishings Known as Bridwell's Grocery & Video*, 195 F.3d 819, 820 (6th Cir. 1999) (important to distinguish between the two). The Sixth Circuit has stated:

> "Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2682, at 13 (3d ed.1998). Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's

default." Fed.R.Civ.P. 55(a). Because Heard did not first seek entry of a default from the clerk of the court, it was procedurally improper for Heard to move for entry of a default judgment.

*Heard v. Caruso*, 351 F. App'x 1, 15-16 (6th Cir. 2009). *See also Devlin v. Kalm*, 493 Fed. App'x 678, 685 (6th Cir. 2012) (procedurally improper for plaintiff to move for default judgment without first obtaining an entry of default from the clerk); *Rumburg*, 2012 WL 7761566, at *2; *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) (entry of default is a prerequisite for a judgment on the default); *Sherrills v. Berryhill*, No. 1:17CV30, 2017 WL 1399988, at *2 (N.D. Ohio Apr. 4, 2017) (citing cases).

## RECOMMENDATION

The motion for default judgment against Home Depot (R.13) should be DENIED as untimely filed.

Dated:   October 29, 2019             /s/ David A. Ruiz
                                       David A. Ruiz
                                       United States Magistrate Judge

**OBJECTIONS**
Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72(a); LR 72.3(a). Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).